UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **00-6119**

21 U.S.C. § 841(a)(1)
21 U.S.C. § 846
21 U.S.C. § 952(a)
21 U.S.C. § 963
18 U.S.C. § 2

**CR-ZLOCH**

**MAGISTRATE JUDGE**
**SELTZER**

UNITED STATES OF AMERICA,

v.

GREGORY PILLOCK,
LAWRENCE LONDON,
WILLIAM MOCCIA, a/k/a "BILLY,"
TERRILL MYERS,
ERIK JOHNSON,
ROD STIDHAM,
and
JOHN MINIX,

Defendants.
_____/



## INDICTMENT

The Grand Jury charges that:

## COUNT I

From on or about April 1, 2000, through on or about April 23, 2000, at Broward County, in

the Southern District of Florida, and elsewhere, the defendants,

**GREGORY PILLOCK,**
**LAWRENCE LONDON,**
**WILLIAM MOCCIA, a/k/a "BILLY,"**
**TERRILL MYERS,**
**ERIK JOHNSON,**
**and**
**ROD STIDHAM,**

did knowingly and intentionally combine, conspire, confederate and agree with each other and with



other persons known and unknown to the Grand Jury to import into the United States, from a place

outside thereof, a Schedule I controlled substance, that is, a mixture and substance containing a

detectable amount of marijuana, in violation of Title 21, United States Code, Section 952(a); all in

violation of Title 21, United States Code, Section 963.

## COUNT II

On or about April 23, 2000, at Broward County, in the Southern District of Florida, and

elsewhere, the defendants,

**GREGORY PILLOCK,
LAWRENCE LONDON,
WILLIAM MOCCIA, a/k/a "BILLY,"
TERRILL MYERS,
ERIK JOHNSON,
and
ROD STIDHAM,**

did knowingly and intentionally import into the United States, from a place outside thereof, a

Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of

marijuana; in violation of Title 21, United States Code, Section 952(a), and Title 18, United States

Code, Section 2.

## COUNT III

From on or about April 1, 2000, through on or about April 23, 2000, at Broward County, in

the Southern District of Florida, and elsewhere, the defendants,

**GREGORY PILLOCK,
LAWRENCE LONDON,
WILLIAM MOCCIA, a/k/a "BILLY,"
TERRILL MYERS,
ERIK JOHNSON,
ROD STIDHAM,
and
JOHN MINIX,**

2

did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury to possess with the intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 846.

## COUNT IV

From on or about April 23, 2000, to May 2, 2000, at Broward County, in the Southern District of Florida, and elsewhere the defendants,

**GREGORY PILLOCK,**
**LAWRENCE LONDON,**
**WILLIAM MOCCIA, a/k/a "BILLY,"**
**TERRILL MYERS,**
**ERIK JOHNSON,**
**ROD STIDHAM,**
**and**
**JOHN MINIX,**

did knowingly and intentionally possess with the intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of marijuana; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

A TRUE BILL

*Richard M. Sloan*

FOREPERSON

THOMAS E. SCOTT
UNITED STATES ATTORNEY

BERTHA R. MITRANI
ASSISTANT UNITED STATES ATTORNEY

3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

CASE NO. _____

v.

**GREGORY PILLOCK, et al.**

**CERTIFICATE OF TRIAL ATTORNEY***

**Court Division:** (Select One)

___ Miami ___ Key West
_X_ FTL ___ WPB ___ FTP

**Superseding Case Information:**
New Defendant(s)         Yes ___    No ___
Number of New Defendants    ___
Total number of counts    ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:        (Yes or No)_____ No_____
   List language and/or dialect  _____ English

4. This case will take _2-3_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)

   I    0 to 5 days       _X_      Petty      _____
   II   6 to 10 days      _____    Minor      _____
   III  11 to 20 days     _____    Misdem.    _____
   IV   21 to 60 days     _____    Felony     _X_
   V    61 days and over  _____

6. Has this case been previously filed in this District Court? (Yes or No) _No_
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)

Has a complaint been filed in this matter?(Yes or No) _Yes_
If yes:
Magistrate Case No. _00-4092-SNOW_
Related Miscellaneous numbers: _00-32M(SDGA)_
Defendant(s) in federal custody as of London is in custody as of 5/2/00; Moccia as of 5/8/00
Defendant(s) in state custody as of Myers and Johnson as of 4/27/00, Stidham and Minix
                                   as of 4/27/00, and Pillock as of 4/26/00

Rule 20 from the _____   District of _____

Is this a potential death penalty case? (Yes or No) ____No_____

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No If yes, was it pending in the Central Region? __ Yes __ No

BERTHA R. MITRANI
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 88171

*Penalty Sheet(s) attached                                    REV.4/7/99

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

Defendant's Name: **Gregory Pillock**                         No: 1

**Count #:1**       Conspiracy to import marijuana into the United States
                    in violation of 21 U.S.C. § 952(a) and 21 U.S.C. § 963

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
                    $ 2,000,000 Fine

**Count #: 2**      Importation of marijuana into the United States
                    in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
                    $ 2,000,000 Fine

**Count #: 3**      Conspiracy to possess with the intent to distribute marijuana
                    in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
                    $ 2,000,000 Fine

**Count #: 4**      Possession with the intent to distribute marijuana
                    in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
                    $ 2,000,000 Fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

REV 12/12/96

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

Defendant's Name: **Lawrence London**                    No: 1

**Count #:1**    Conspiracy to import marijuana into the United States
in violation of 21 U.S.C. § 952(a) and 21 U.S.C. § 963

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
$ 2,000,000 Fine


**Count #: 2**    Importation of marijuana into the United States
in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
$ 2,000,000 Fine

**Count #: 3**    Conspiracy to possess with the intent to distribute marijuana
in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
$ 2,000,000 Fine

**Count #: 4**    Possession with the intent to distribute marijuana
in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
$ 2,000,000 Fine


**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

REV: 12/12/96

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

Defendant's Name: **William Moccia, a/k/a "Billy"**               No: 1

**Count #:1**     Conspiracy to import marijuana into the United States
               in violation of 21 U.S.C. § 952(a) and 21 U.S.C. § 963

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
               $ 2,000,000 Fine


**Count #: 2**    Importation of  marijuana into the United States
               in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
               $ 2,000,000 Fine


**Count #: 3**    Conspiracy to possess with the intent to distribute marijuana
               in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
               $ 2,000,000 Fine


**Count #: 4**    Possession with the intent to distribute  marijuana
               in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
               $ 2,000,000 Fine


**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

REV 12/12/96

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

Defendant's Name: **Terrill Myers**                    No: 1

**Count #:1**    Conspiracy to import marijuana into the United States
in violation of 21 U.S.C. § 952(a) and 21 U.S.C. § 963

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
$ 2,000,000 Fine


**Count #: 2**    Importation of marijuana into the United States
in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
$ 2,000,000 Fine

**Count #: 3**    Conspiracy to possess with the intent to distribute marijuana
in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
$ 2,000,000 Fine

**Count #: 4**    Possession with the intent to distribute marijuana
in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
$ 2,000,000 Fine



**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

Defendant's Name: **Erik Johnson**                    No: 1

**Count #:1**    Conspiracy to import marijuana into the United States
in violation of 21 U.S.C. § 952(a) and 21 U.S.C. § 963

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
$ 2,000,000 Fine


**Count #: 2**    Importation of marijuana into the United States
in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
$ 2,000,000 Fine

**Count #: 3**    Conspiracy to possess with the intent to distribute marijuana
in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
$ 2,000,000 Fine

**Count #: 4**    Possession with the intent to distribute marijuana
in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
$ 2,000,000 Fine


**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

Defendant's Name: **Rod Stidham**                    No: 1

**Count #:1**    Conspiracy to import marijuana into the United States
in violation of 21 U.S.C. § 952(a) and 21 U.S.C. § 963

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
$ 2,000,000 Fine

**Count #: 2**    Importation of marijuana into the United States
in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
$ 2,000,000 Fine

**Count #: 3**    Conspiracy to possess with the intent to distribute marijuana
in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
$ 2,000,000 Fine

**Count #: 4**    Possession with the intent to distribute marijuana
in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
$ 2,000,000 Fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

Defendant's Name: **John Minix**                    No: 1

**Count #:3**    Conspiracy to possess with the intent to distribute marijuana
in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
$ 2,000,000 Fine

**Count #: 4**    Possession with the intent to distribute  marijuana
in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2

*Max. Penalty: 5 years' minimum mandatory imprisonment and 40 years' maximum imprisonment;
$ 2,000,000 Fine

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96